IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH GUYER, )
 )
          Plaintiff, )
 )
     vs. ) Civil Action No. 07-1336
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
 )
          Defendant. )

O R D E R

AND NOW, this  27  day of  March , 2008, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (document No. 2) and brief in support thereof (document No. 3) filed in the above-captioned matter on December 7, 2007, and upon further consideration of Plaintiff's Response thereto (document Nos. 5, 6) filed on December 31, 2007,

IT IS HEREBY ORDERED that Defendant's Motion is DENIED.

I.   **Background**

Plaintiff filed the Complaint in this case as an appeal to the decision of the Social Security Commission denying his application for Disability Insurance Benefits under the Social Security Act. After his application was initially denied, he sought and received a hearing before an administrative law judge who, pursuant to a November 16, 2006 decision, also denied Plaintiff's application. Plaintiff requested review of this decision from the

1

Appeals Council, and, on July 19, 2007, the Appeals Council denied his request. Defendant argues that Plaintiff's Complaint should be dismissed as untimely because it was filed more than 60 days after Plaintiff's receipt of the Appeals Council's letter denying review, pursuant to 42 U.S.C. § 405(g). According to Defendant, Plaintiff was required to commence his action within 60 days after the mailing to him of notice of the decision of the Appeals Council, which, according to Defendant, meant that the action had to be commenced by September 24, 2007.[1] Defendant alleges that the Complaint was not filed until October 2, 2007.

Based on the record prior to Plaintiff's response to Defendant's motion, the above facts appeared to be true, since the case docket does show that the Complaint was filed on October 2. However, in his response, Plaintiff alleges that, although his Complaint was not docketed until October 2, 2007, he actually filed it on September 17, which is within the 60 days allowed by Section 405(g). He has submitted an affidavit from his attorney indicating that the Complaint was, indeed, filed on that date through the district's Electronic Court Filing system ("ECF") and attaching a receipt indicating that the attorney's credit card was charged $350.00 for an ECF transaction on that date. Plaintiff does not

---

[1] Defendant's calculation includes the five days allowed for mailing and for the application of Federal Rule of Civil Procedure 6(a).

purport to know why his Complaint was not docketed on the day he alleged that he filed it.

Accordingly, the parties do not dispute that, pursuant to Section 405(g), Plaintiff had until September 24, 2007 to commence his action. What they do not agree on is whether Plaintiff's Complaint was actually filed by that date.

II.     **Discussion**

At the outset, the Court notes that Defendant has not indicated the Federal Rule of Civil Procedure on which it is relying in seeking dismissal of the Complaint. However, since the argument raised is that the Complaint is barred by the applicable statute of limitations,[2] it would appear to have been raised under Rule 12(b)(6). See Bethel v. Jendoco Construct. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). While a statute of limitations defense can be raised on a 12(b)(6) motion under some circumstances, if the limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Id.

Here, while it may be that Defendant properly raised its limitations defense as a 12(b)(6) motion based on the record at the time the motion was filed, Plaintiff subsequently submitted evidence

---

[2] The United States Supreme Court has held that the 60-day time period set forth in Section 405(g) is not jurisdictional, but rather, constitutes a statute of limitations. See Bowen v. City of New York, 476 U.S. 467, 478 (1986).

3

that goes beyond the face of the Complaint and the record of the case in arguing against Defendant's claim. Accordingly, since matters outside of the pleadings have been presented to and not excluded by the Court, Defendant's motion is most appropriately treated as one for summary judgment. See Fed. R. Civ. P. 12(b); In re: Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).[3]

Summary judgment shall be granted "if the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R. Civ. P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is material only if it might affect the outcome of the suit under the governing law. Id. at 248. Whether a genuine issue of material fact is presented will be determined by asking if "a reasonable jury could return a verdict for the nonmoving party." Id. Thus, "the court should review all of the evidence in the record [and] ... must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations

---

[3] The Court notes that the material considered is not within the narrowly defined category of material which a court can consider without converting a 12(b)(6) motion to one for summary judgment. The Court further notes that, given the circumstances of this case, notice of the conversion of this motion to one for summary judgment is not necessary.

4

and internal quotation marks omitted) (noting that standard for judgment as a matter of law under Rule 50 is the same as that for summary judgment). The latter functions, along with the drawing of legitimate inferences from the facts, are jury functions, not those of a judge. Id. "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Id. at 151.

Here, the date on which the Complaint was filed is material, and it is disputed. Plaintiff has submitted evidence in the form of an affidavit and a receipt that he filed the Complaint on September 17, 2007. Defendant presents no evidence to the contrary, relying simply on the date on which the Complaint was filed according to the docket. Drawing all inferences in favor of Plaintiff, it would seem that, at the very least, Plaintiff has established that the filing date is a disputed issue of material fact that would preclude summary judgment.

In any event, Plaintiff's evidence establishes that he did, indeed, at least attempt to file his Complaint on September 17. The receipt that he has submitted indicates that Plaintiff attempted to file a complaint of some sort on that date. Court records confirm that there were no other complaints filed by Plaintiff's counsel on the date in question, or on any date near the date in question. Accordingly, there is nothing in the record that would

and internal quotation marks omitted) (noting that standard for judgment as a matter of law under Rule 50 is the same as that for summary judgment). The latter functions, along with the drawing of legitimate inferences from the facts, are jury functions, not those of a judge. Id. "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." Id. at 151.

Here, the date on which the Complaint was filed is material, and it is disputed. Plaintiff has submitted evidence in the form of an affidavit and a receipt that he filed the Complaint on September 17, 2007. Defendant presents no evidence to the contrary, relying simply on the date on which the Complaint was filed according to the docket. Drawing all inferences in favor of Plaintiff, it would seem that, at the very least, Plaintiff has established that the filing date is a disputed issue of material fact that would preclude summary judgment.

In any event, Plaintiff's evidence establishes that he did, indeed, at least attempt to file his Complaint on September 17. The receipt that he has submitted indicates that Plaintiff attempted to file a complaint of some sort on that date. Court records confirm that there were no other complaints filed by Plaintiff's counsel on the date in question, or on any date near the date in question. Accordingly, there is nothing in the record that would

contradict Plaintiff's claim that he attempted to file the Complaint on that date.

Of course, Plaintiff provides no explanation as to why the Complaint was not docketed on that date. It is not clear whether there was system error or whether Plaintiff erred in the filing process.[4] Regardless, it is clear that the filing fee was paid on that date and that Plaintiff commenced the filing process on that date. While filing a document is not ordinarily an action that should take several days, apparently it did in this case, whether because of system error or Plaintiff's attorney's failure to properly use the district's electronic filing system. Accordingly, since Plaintiff did begin the filing process on September 17, it would seem that Plaintiff did indeed commence his action on that date rather than on October 2.

Furthermore, even if Plaintiff did not technically commence his action on September 17, the Court finds that the circumstances in this case would justify the equitable tolling of the limitations period to allow for the filing of the Complaint. The principal situations in which equitable tolling may be appropriate are: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from

---

[4] The Court notes that confirmation of payment of the filing fee does not necessarily mean that the document at issue was properly filed through ECF.

6

asserting his or her rights; and (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. See Cardyn v. Commissioner of Soc. Sec., 66 Fed. Appx. 394, 397 (3d Cir. 2003) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)). Here, Plaintiff apparently believed that he had filed his Complaint on September 17, well within the limitations period. To refuse to allow him to pursue his claim because of system failure or his attorney's error regarding a still relatively new system would work an extraordinary miscarriage of justice, especially considering that the error in filing was rectified as soon as counsel became aware of it just over a week after the end of the limitations period.

### III. Conclusion

For all of the reasons set forth herein, neither dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) nor summary judgment is appropriate at this time. Accordingly, Defendant's motion is denied.

United States District Judge
(for Judge Alan N. Bloch)

ecf: Counsel of record