IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH GUYER,                    )
                                )
         Plaintiff,             )
                                )
     vs.                        )    Civil Action No. 07-1336
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
         Defendant.             )

O R D E R

AND NOW, this ___25th___ day of February, 2009, upon consideration of Defendant's Motion for Summary Judgment (document No. 15), filed in the above-captioned matter on June 10, 2008,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 11; errata at document No. 13), filed in the above-captioned matter on May 7, 2008,

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I.  **Background**

On August 6, 2004, Plaintiff, Ralph Guyer, filed a claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. (R. 53-55). Specifically, Plaintiff claimed that he became disabled on December 29, 2003, due to polycystic kidney disease with chronic renal failure, heel spurs, and obesity.

After being denied initially, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on June 7, 2006. (R. 40-43, 220-36). In a decision dated November 16, 2006, the ALJ denied Plaintiff's request for benefits. (R. 16-22). The Appeals Council declined to review the ALJ's decision on July 19, 2007. (R. 5-7). On September 17, 2007, Plaintiff filed a timely appeal with this Court,[1] and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the

---

[1] The Court notes that, as discussed in the Court's March 27, 2008 Order, although Plaintiff's complaint in this case was not docketed until October 2, 2007, Plaintiff actually commenced the filing process on September 17, and the action was deemed to have been commenced on that date.

2

Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (quoting 42 U.S.C. § 405(g)); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by counterveiling evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). "Nor is evidence substantial if it is overwhelmed by other evidence - particularly certain types of evidence (e.g., that offered by treating physicians) - or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is

3

considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy... .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 404.1520. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 404.1520(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 404.1520(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or

equals the criteria for a listed impairment. See 20 C.F.R. § 404.1520(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. § 404.1520(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 404.1520(g). In making this determination, the ALJ should consider the claimant's RFC, his or her age, education, and past work experience. Id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523.

### III.    **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009. (R. 18). Accordingly, to be eligible for DIB

benefits, Plaintiff had to establish that he was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that although Plaintiff had engaged in substantial gainful activity since December 29, 2003, the alleged onset date of disability, he had not done so since August 4, 2004. Accordingly, the ALJ denied Plaintiff's application for the period prior to August 4. (R. 18). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had the severe impairments of polycystic kidney disease, with renal hypertension and moderate renal failure, heel spurs, and obesity. He found, however, that Plaintiff's abdominal and hiatal hernias and gastroesophageal reflux disease did not constitute severe impairments. (R. 18-19).[2] The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 19-20).

The ALJ found that Plaintiff retained the RFC to perform tasks at the sedentary exertional level, remaining seated most of the workday with ready access to restroom facilities. (R. 20-21). Based on this RFC, Plaintiff established that he is incapable of

---

[2] The Court notes that Plaintiff does not challenge the ALJ's findings regarding these other alleged impairments.

6

returning to his past employment; therefore, the ALJ moved on to step five. (R. 21). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs, including hand packer, bench assembler, and sorter/grader, that exist in significant numbers in the national economy. (R. 21-22). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 22).

## IV. Legal Analysis

Plaintiff raises several arguments as to why the ALJ erred in finding that he was not disabled. While the Court does not find merit in any of the arguments raised by Plaintiff, it does agree that substantial evidence does not support the ALJ's decision on grounds not raised by the parties. Specifically, the Court believes that the record is insufficient to support the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE, particularly in regard to Plaintiff's postural limitations, including his ability to stoop. Accordingly, the Court will remand the case for further consideration.

As stated above, the ALJ found that Plaintiff retained the RFC to perform tasks at the sedentary exertional level, remaining seated most of the workday with ready access to restroom facilities.

7

(R. 20-21). In determining this RFC, the ALJ gave substantial weight to the opinion of Dr. Palaniappan Muthappan, MD. Indeed, the ALJ referred to his assessment as "the only thorough and systematic assessment of functional capacity in this record." (R. 21). However, in his assessment, Dr. Muthappan opined that Plaintiff could only occasionally bend and kneel, and never stoop, crouch, balance, or climb. (R. 214). It is the ALJ's failure to address these limitations in either the RFC determination or hypothetical question to the VE that mandates remand in this case.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20 C.F.R. § 404.1545(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184 (S.S.A.), at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports

each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

The ALJ provided no explanation as to why he did not include as part of the RFC or hypothetical the postural limitations found by Dr. Muthappan. In some cases, this may not have mattered. Here, however, Social Security Ruling ("SSR") 96-9p makes this a substantial oversight. The ALJ found that Plaintiff could perform sedentary level work with certain limitations, and that, based on this RFC and the VE's testimony, he could perform certain unskilled jobs. Pursuant to SSR 96-9p, the postural limitations could have eroded the relevant occupational base. Specifically, SSR 96-9p provides that "[a] complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that

9

the individual is disabled would usually apply."[3] SSR 96-9p, 1996 WL 374185 (S.S.A.), at *8. Further, consultation with a VE may be appropriate where certain limitations on balancing exist. See id. This is consistent with case law indicating that ALJs must discuss a plaintiff's postural limitations, particularly the ability to stoop, which factor into the determination of whether a claimant can perform a full range of sedentary work. See Butler v. Barnhart, 353 F.3d 992, 1000-01 (D.C. Cir. 2004); Spaulding v. Halter, 11 Fed. Appx. 596, 600 (7th Cir. 2001); Chester v. Callahan, 193 F.3d 10, 13 (1st Cir. 1999); De Aza v. Commissioner of Soc. Security, 2008 WL 4723778, at *4 (D. N.J. Oct. 24, 2008); Bailey v. Apfel, 2001 WL 722787, at *3 (E.D. Pa. June 26, 2001).

As noted above, the ALJ provides no discussion as to whether he has accepted or rejected Dr. Muthappan's opinion regarding Plaintiff's postural limitations. However, given that the ALJ gave substantial weight to the opinion of Dr. Muthappan and indicated that his assessment was "the only thorough and systematic assessment of functional capacity in this record," a discussion as to this aspect of Dr. Muthappan's opinion was particularly warranted. Of course, the ALJ is not necessarily obligated to accept the postural limitations found by Dr. Muthappan, but he cannot ignore these findings. Indeed, the Court expresses no

---

[3] The Court notes that the jobs which the VE found Plaintiff capable of performing were all unskilled. (R. 234-35).

opinion as to whether the ALJ's RFC determination and hypothetical *could* be supported by the record. It is the need for further explanation that mandates the remand in this case.

V.      **Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

                                              _____
                                              United States District Judge
                                              (For Judge Alan N. Bloch)

ecf:      Counsel of record

11